Hate, Judge,
 

 delivered the opinion of the Court:
 

 It is laid down in
 
 Cro. Eliz.
 
 138, that the Attorney-General cannot enter a
 
 nolle prosequi
 
 to an action
 
 quv tarn,
 
 except for the King’s part of the penalty; nor can she King after action commenced, release any but his own part of the penalty.'
 
 *
 
 But it is in the power of Parliament to release the informer’s interest.
 
 †
 
 If so,, they surely have the power of taking away the informer’s right of action, by repealing the act which gave birth to it. It is said
 
 ‡
 
 in Sir
 
 William Blackstone’s
 
 Reports,
 
 *466
 
 «that no proceeding can be had or pursued under a repealed act of Parliament, though*begun before the repeal, unless by special exception.” And by Sir Matthew Hale,-
 
 *
 
 “ that when an offence is made treason or felony by an act of Parliament, and then that act is repealed, the offence committed before such repeal, and the proceedings thereupon are discharged by such repeal.” Froni these authorities, and others which might be referred to, as well as from the circumstance that the suit in the present instance must be brought in the name of the Governor alone,, (the act having directed the forfeiture to be sued for in bis name) although after a recovery one moiety thereof is to go to the informer or the person who brought the suit. The demurrer must be overruled and the plea allowed.
 

 *
 

 2 Bl. Com. 436. 11 Co. 65.
 

 †
 

 2 Bl. Com. 436.
 

 ‡
 

 Vm. Bl. Rep. 451.
 

 *
 

 Hale P. C. 291,